UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.: _____

MICHAEL LETT                                    )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )
                                                )
SOS FIRE ENTERPRISES, INC.                      )
                                                )
                    Defendant.                  )
                                                )
_____

## **COMPLAINT**

Plaintiff MICHAEL LETT (the "Plaintiff") sues Defendant SOS FIRE

ENTERPRISES, INC. (the "Defendant" or "SOS Fire") and alleges:

## **INTRODUCTION**

1.  Plaintiff, MICHAEL LETT, brings this civil action to remedy unlawful

employment practices perpetrated by Defendant in violation of the Americans with

Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.; the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; the

Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 et seq.; and Fla. Stat.

§ 440.205, which prohibits retaliation for seeking workers' compensation benefits.

Plaintiff seeks redress in the form of back pay, front pay, compensatory and punitive

damages, attorney's fees and costs, and all other equitable relief available at law. As

set forth below, Defendant unlawfully terminated Plaintiff because of his age, his actual and/or perceived disability, and in retaliation for his protected activity, including his request for workers' compensation benefits and his opposition to Defendant's refusal to comply with Florida law.

## JURISDICTION, VENUE, AND PARTIES

2.   This action arises under the laws of the United States, including the ADA, ADEA, the FCRA, Fla. Stat. § 760.01 et seq., Florida Statute § 440.205 prohibiting workers' compensation retaliation, and Florida Statute § 448.08 governing attorney's fees in wage claims. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff also asserts related state law claims arising under the FCRA and Fla. Stat. § 440.205. This Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4.   At all relevant times, Plaintiff was employed with the Defendant as a Fire

Sprinkler Technician/Fitter, at its principal location at 13832 Walsingham Road, Largo, Florida 33774.

5.  At all times material hereto, Plaintiff MICHAEL LETT was an "employee" of Defendant within the meaning of the ADA, 42 U.S.C. § 12111(4), the ADEA, 29 U.S.C. § 630(f), the FCRA, Fla. Stat. § 760.02(10), and Florida Statute § 448.101(2).

6.  At all times material hereto, Defendant SOS FIRE ENTERPRISES, INC. was an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), the ADEA, 29 U.S.C. § 630(b), the FCRA, Fla. Stat. § 760.02(7), and Florida Statute § 448.101(3).

7.  At all times pertinent hereto, Defendant employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and was engaged in an industry affecting commerce.

8.  Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein were committed in Pinellas County, Florida, where Plaintiff worked for Defendant and where Defendant maintains its principal place of business.

## <u>GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

9.      Plaintiff, Michael Lett, is a 55-year-old male, and is therefore a member of the protected class of individuals forty (40) years old and older.

10.     Plaintiff is a long-time professional in the fire protection industry, with more than 28 years of experience designing, installing, and servicing fire sprinkler systems for commercial and governmental projects.

11.     In or about October 2024, Plaintiff began working for SOS Fire Enterprises, Inc. ("SOS Fire"), under the supervision of Shane Holcombe, who exercised direct control over the terms and conditions of Plaintiff's employment.

12.     At all times relevant, Plaintiff performed his job competently and efficiently. Prior to the events giving rise to this lawsuit, Plaintiff never received complaints, discipline, or warnings regarding his performance.

13.     On December 3, 2024, while working on a project site with approximately twenty other workers present, Plaintiff was assigned to install a mechanical saddle tee from an eight-foot ladder. As he attempted to descend, his tape measure struck a light fixture. In trying to prevent damage to the light, Plaintiff lost his balance, twisted, and fell. He landed on his right foot and lower back, immediately experiencing severe pain.

14.     Plaintiff's coworker, identified as Owen (last name unknown), and the site's general contractor, Brian (last name unknown) from KLM Construction, came

to Plaintiff's aid. Paramedics were called, and Plaintiff was transported to Tampa General Hospital ("the hospital"), where he was diagnosed with a severe right foot sprain, possible fracture, and lumbar disc injury.

15.    The hospital issued written instructions excusing Plaintiff from work through December 7, 2024.

16.    Plaintiff promptly informed his supervisor, Shane Holcombe, of his injuries and requested that the company complete the required workers' compensation paperwork. Holcombe flatly refused, stating: *"I'm not filling that out."* Holcombe further told Plaintiff he preferred to "pay out of pocket" rather than report the injury to SOS Fire's insurer.

17.    Plaintiff declined to participate in this unlawful scheme, making clear that he expected his employer to properly process his injury through workers' compensation channels.

18.    On December 8, 2024, one day after his medical leave expired, Plaintiff contacted Holcombe regarding his return to work. Plaintiff was ready, willing, and able to resume his duties with reasonable accommodations, such as light duty.

19.    Instead of engaging in the interactive process, Holcombe told Plaintiff that "after speaking with the insurance company" the company had "decided to terminate him" because he was approaching his 90-day review period

20.     Prior to his injury, Plaintiff had never been warned that his job was at risk, nor had SOS Fire ever raised performance concerns. The timing of his termination less than a week after his accident was directly tied to his injury and his refusal to participate in Holcombe's scheme to avoid reporting a workplace accident.

21.     Plaintiff's termination also reflects age-based animus. Plaintiff, then age 55, was one of the oldest technicians on SOS Fire's crews.

22.     Defendant's managers and coworkers constantly reminded him that he was an older worker, by making derogatory and offensive comments.

23.     Shortly after his discharge, younger employees without medical restrictions continued to perform work that Plaintiff was qualified to do.

24.     By discharging him in favor of younger workers, Defendant violated the ADEA and FCRA.

25.     By terminating Plaintiff immediately after his injury and his protected request for workers' compensation coverage, Defendant violated Florida Statute § 440.205.

26.     By refusing to consider accommodations or engage in the interactive process, Defendant violated the ADA and FCRA.

27.     By terminating Plaintiff soon after he refused to participate in Defendant' unlawful scheme to conceal his workplace injury by avoiding the required workers' compensation reporting, Defendant violated Fla. Stat. § 440.185.

28.    As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has suffered lost wages, benefits, and future earnings capacity, as well as emotional pain, suffering, humiliation, and loss of dignity.

29.    Plaintiff has retained the undersigned law firm to represent him and is entitled to an award of reasonable attorneys' fees and costs.

## CONDITIONS PRECEDENT

30. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

>    a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;
>
>    b. The Plaintiff received a Notice of Right to Sue dated July 9, 2025; and
>
>    c. The Plaintiff is filing this action within 90 days of receiving that Notice of Right to Sue.

31.    Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## COUNT I: DISABILITY DISCRIMINATION (DISPARATE TREATMENT) – ADA

32.    The Plaintiff repeats and re-alleges paragraphs 1–31 as if fully stated herein.

33.    The Plaintiff suffered a serious right foot sprain/fracture and a lumbar disc injury after falling from an eight-foot ladder on December 3, 2024, while performing assigned job duties.

34.    The Plaintiff's condition substantially limited his ability to walk, stand, climb, and lift, major life activities within the meaning of the ADA.

35.    The Plaintiff's condition therefore qualified as a disability, or at minimum was regarded by the Defendant as a disability, within the meaning of the ADA.

36.    The Plaintiff was initially uncertain how long he would be incapacitated as a result of these injuries, but his physician excused him from work through December 7, 2024, with further follow-up recommended.

37.    The Defendant, through supervisor Shane Holcombe, was aware of the Plaintiff's medical condition, the cause of his injuries, and his physician's orders excusing him from work.

38.    At all relevant times during his employment, the Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations, such as temporary light duty.

39.    The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff

differently than similarly situated younger and non-disabled employees in the terms and conditions of his employment.

40.    The Defendant terminated the Plaintiff on December 8, 2024, because of his actual and/or perceived disability, in violation of the ADA.

41.    As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain, mental anguish, humiliation, and loss of dignity.

42.    Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will continue to be deprived of income in the form of wages, lost benefits, and prospective employment opportunities solely because of the Defendant's discriminatory conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: DISABILITY DISCRIMINATION (RETALIATION) – ADA

43.    The Plaintiff repeats and re-alleges paragraphs 1–31 as if fully stated herein.

44.    Plaintiff engaged in protected activity under the ADA by asserting his rights to be free from disability discrimination and/or by requesting reasonable accommodations for his disability.

45.Plaintiff also engaged in protected activity by opposing practices he reasonably and in good faith believed were discriminatory under the ADA.

46.    The Defendant subsequently terminated the Plaintiff on December 8, 2024, under the guise of his "approaching 90-day review period," despite his satisfactory work performance and the absence of any prior discipline.

47.    Following Plaintiff's protected activity, Defendant unlawfully retaliated against him by subjecting him to adverse employment actions, including but not limited to increased scrutiny, denial of benefits or opportunities, intimidation, harassment, and termination of employment.

48.    Defendant's retaliatory conduct was taken because Plaintiff engaged in protected activity under the ADA, in violation of 42 U.S.C. § 12203(a), which makes it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because

such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

49.    The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for his protected activity under the ADA, including but not limited to his request for reasonable accommodation.

50.    The Defendant violated the ADA and acted with reckless disregard for whether its actions were prohibited by federal law.

51.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain, mental anguish, humiliation, and loss of dignity.

52.    Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will continue to be deprived of income in the form of wages, lost benefits, and prospective employment opportunities solely because of the Defendant's retaliatory conduct.

53.    Plaintiff has retained the undersigned law firm to represent him and is entitled to an award of reasonable attorneys' fees and costs.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.    Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.    Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e. Award the Plaintiff prejudgment interest on his damages award;

f. Award the Plaintiff reasonable costs and attorneys' fees; and

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: HANDICAP DISCRIMINATION (DISPARATE TREATMENT) – FCRA

54. The Plaintiff re-states and re-alleges paragraphs 1-31 as if set forth in full herein.

55. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

56. The Plaintiff is a member of the protected class of disabled (handicapped) citizens.

57.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to a discriminatory and offensive work environment and was ultimately discharged because of his workplace injury and resulting disability, as more fully described in the General Allegations section of this Complaint.

58.     The discriminatory conduct referred to in the General Allegations section of this Complaint was offensive to the Plaintiff and would be offensive to a reasonable person.

59.     The Plaintiff was subjected to the conduct referred to in this Complaint because he is an individual with a disability, or was regarded as disabled.

60.     Similarly situated employees who are not disabled were not subjected to the conduct described and referred to in the General Allegations section of this Complaint.

61.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to disparate treatment and adverse employment actions because of his disability, as more fully described in the General Allegations section of this Complaint.

62.     The Plaintiff was and is qualified for his position while working for the Defendant.

63.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his disability in the terms, conditions, and privileges of his employment.

64.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

65.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his disability.

66.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

67.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with

it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.


## COUNT IV: DISABILITY DISCRIMINATION (RETALIATION) – FCRA

68.    The Plaintiff re-states and re-alleges paragraphs 1-31 as if set forth in full herein.

69.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

70.    The Plaintiff is a member of the protected class of disabled (handicapped) citizens.

71.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to a discriminatory and offensive work environment because of his complaints about disability discrimination and the Defendant's failure to provide reasonable accommodation.

72.    Plaintiff's complaints about discrimination constitute engagement in a protected activity.

73.    The discriminatory conduct referred to in the General Allegations section of this Complaint was offensive to the Plaintiff and would be offensive to a reasonable person.

74.    The Plaintiff was subjected to the conduct referred to in this Complaint because he complained about discrimination. Specifically, Plaintiff complained of disability discrimination and requested reasonable accommodations following his workplace injury.

75.    The Plaintiff was and is qualified for his position while working for the Defendant.

76.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of his complaints about disability discrimination and requests for accommodations.

77.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

78.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

79.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.    Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.    Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.    Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of a disability/handicap.

d.    Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.    Award a monetary judgment representing prejudgment interest;

f.    Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.    Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.    Grant such other and further relief, as the Court deems just and proper.

## COUNT V: RETALIATION (INTIMIDATION & COERCION) –
## Fla. Stat. § 440.205

80.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–24 above as if fully set forth herein.

81.    Fla. Stat. § 440.205 states: *"No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."*

82.    At all times relevant, the Plaintiff, Michael Lett, was employed by the Defendant as a Fire Sprinkler Technician/Fitter, and therefore Plaintiff was an employee of Defendant within the meaning of Chapter 440, Florida Statutes.

83.    On or about December 3, 2024, the Plaintiff suffered a work-related injury, namely, a severe right foot sprain/fracture and a lumbar disc injury sustained after falling from an eight-foot ladder. The injury happened while the Plaintiff was performing assigned duties for the Defendant at a construction worksite.

84.    The injury alleged above required immediate medical treatment, and Plaintiff was transported by paramedics to Tampa General Hospital, where he was diagnosed and placed on medical restrictions excusing him from work through December 7, 2024.

85.    Plaintiff exercised his rights under Florida's Workers' Compensation Law by reporting his workplace injury and/or by filing or attempting to file a valid workers' compensation claim.

86.    After the work-related accident, the Plaintiff reported his injuries to the Defendant and requested that the necessary workers' compensation paperwork be completed so that his medical treatment could be properly covered.

87.    In response, the Plaintiff's supervisor, Shane Holcombe, refused to complete the paperwork, stating, *"I'm not filling that out."* and further indicating that he would prefer to "pay out of pocket" rather than report the injury to the company's workers' compensation insurer.

88.    On or about December 8, 2024, just one day after his medical leave expired, the Defendant fired the Plaintiff under the pretext of his "90-day review period," despite Plaintiff's satisfactory performance and his request to return to work with reasonable accommodations.

89.    The Plaintiff's work prior to his discharge was satisfactory or more than satisfactory, and at no point prior to his injury had he been warned, disciplined, or advised that his job was in jeopardy.

90.    The Plaintiff made a valid claim for compensation or, at minimum, attempted to claim compensation under the Workers' Compensation Law by

promptly reporting his workplace injury and requesting workers' compensation coverage.

91.    By refusing to process his paperwork, pressuring him to accept an unlawful "out of pocket" scheme, and ultimately terminating him, the Defendant intimidated, coerced, and retaliated against the Plaintiff for seeking the benefits to which he was lawfully entitled.

92.    The sole apparent reason for the intimidation, harassment, and coercion of the Plaintiff was that he sought or attempted to seek compensation under the Workers' Compensation Law, as the Plaintiff was entitled to do.

93.    A motivating factor which caused the Defendant's coercion, intimidation, and retaliation was Plaintiff's request and/or attempted request for workers' compensation benefits pursuant to Fla. Stat. §§ 440 et seq. Alternatively, the Plaintiff would not have been coerced, harassed, or terminated but for his protected activity in seeking such benefits.

94.    The Defendant's harassment, intimidation, and coercion of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has suffered damages.

95.    By reason of the Defendant's wrongful coercion, intimidation, and retaliation, the Plaintiff has suffered lost wages, loss of employment benefits, loss of future earnings capacity, and severe emotional distress.

96.    The Defendant's conduct in wrongfully coercing, intimidating, and retaliating against the Plaintiff was willful, wanton, and in reckless disregard of the Plaintiff's rights under the law.

97.    Plaintiff has retained the undersigned law firm and is obligated to pay attorneys' fees and costs. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to § 440.205 and applicable Florida law.

**WHEREFORE,** the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of his wrongful termination to the present; front pay; compensatory and punitive damages for emotional distress; attorney's fees and costs; and such other and further relief as this Court may deem just and proper.

## COUNT VI: RETALIATION – Florida Private Sector Whistleblower Act (Fla. Stat. § 448.102(3))

98.    The Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1–31 as if fully set forth herein.

99.    Florida Statutes provide:

448.102    Prohibitions. An employer may not take any retaliatory personnel action against an employee because the employee has:

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation (emphasis added).

100.   The Plaintiff refused to participate in Defendant' unlawful scheme to conceal his workplace injury by avoiding the required workers' compensation reporting and instead offering to "pay out of pocket."

101.   Plaintiff engaged in this protected activity in good faith and with a reasonable belief that Defendant's conduct was unlawful.

102.   Concealing or refusing to report a workplace injury is a violation of Fla. Stat. § 440.185 and other provisions of the Florida Workers' Compensation Law.

103.   The Defendant fired the Plaintiff because he refused to go along with the company's unlawful scheme and instead asserted his right to have his injury processed through workers' compensation channels.

104.   The Defendant's wrongful termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff by subjecting him to adverse employment actions, including but not limited to intimidation, coercion, loss of work opportunities, and/or termination of employment.

105.   The firing of the Plaintiff constitutes a wrongful act in violation of the Florida Whistle-blower's Act, Fla. Stat. § 448.102(3).

106.   As a direct result of the Defendant's unlawful actions, the Plaintiff has been damaged, including lost wages, lost benefits, diminished future earning capacity, and emotional distress.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Reinstate the Plaintiff to the same position held before the Defendant's retaliatory action against the Plaintiff, or to an equivalent position;

b. Reinstate the Plaintiff's full fringe benefits and seniority rights;

c. Award compensation for lost wages, benefits, mental damages, and other remuneration;

d. Order payment by the Defendant of the Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e. Issue an order prohibiting the Defendant from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f. Order such further relief as the Court deems just and proper.

## COUNT VII: AGE DISCRIMINATION (DISPARATE TREATMENT) – ADEA

107.    The Plaintiff repeats and re-alleges paragraphs 1–31 as if fully stated herein.

108.    At all times material to this action, the Defendant engaged in unlawful discrimination against the Plaintiff due to his age, in violation of the ADEA.

109.    The Plaintiff is 55 years old and is within a protected class of individuals covered by the ADEA (over the age of 40).

110.    The Plaintiff was qualified to perform his job as a Fire Sprinkler Technician/Fitter.

111.    Plaintiff performed his duties competently and efficiently, with no history of discipline or complaints about his job performance.

112.    On December 8, 2024, Defendant abruptly terminated Plaintiff's employment, citing an alleged "90-day review period" as the justification. This reason was pretextual and had never been previously raised.

113.    At the time of his termination, Plaintiff was the oldest employee engaged in heavy manual labor at the Company. He was subjected to disparate treatment compared to younger, non-disabled employees, who were not terminated or forced out under similar circumstances.

114.    Shortly after his discharge, younger employees, under the age of 40 years, continued to perform work that Plaintiff was qualified to do.

115.    The Defendant discharged the Plaintiff in favor of younger employees.

116.    The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, inter alia, terminating the Plaintiff due to his age.

117.    The effect of the practices complained of in the General Allegations section of this Complaint has been to deprive the Plaintiff of equal employment opportunities, specifically his employment, because of his age.

118.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of

such actions by the Defendant, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff liquidated damages;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VIII: AGE DISCRIMINATION (DISPARATE TREATMENT) – FCRA

119.   The Plaintiff re-states and re-alleges paragraphs 1-31 as if set forth in full herein.

120.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

121.    The Plaintiff is a member of the protected class of citizens over the age of 40 years.

122.    The Plaintiff was qualified to perform his job as a Fire Sprinkler Technician/Fitter.

123.    Plaintiff performed his duties competently and efficiently, with no history of discipline or complaints about his job performance.

124.    On December 8, 2024, Defendant abruptly terminated Plaintiff's employment, citing an alleged "90-day review period" as the justification. This reason was pretextual and had never been previously raised.

125.    At the time of his termination, Plaintiff was the oldest employee engaged in heavy manual labor at the Company. He was subjected to disparate treatment compared to younger, non-disabled employees, who were not terminated or forced out under similar circumstances.

126.    Shortly after his discharge, younger employees, under the age of 40 years, continued to perform work that Plaintiff was qualified to do.

127.    The Defendant discharged the Plaintiff in favor of younger employees.

128.    The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, inter alia, terminating the Plaintiff due to his age.

129.    The effect of the practices complained of in the General Allegations section of this Complaint has been to deprive the Plaintiff of equal employment opportunities, specifically his employment, because of his age.

130.    Similarly situated employees, younger than 40 years of age, were not subjected to the conduct described and referred to in the General Allegations section of this Complaint.

131.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

132.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his disability.

133.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

134.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury of all issues so triable as of right.


**Dated: October 3, 2025.**

                **Respectfully submitted,**

                **s/ Tanesha W. Blye**
                Tanesha W. Blye, Esq. (: 738158)
                Email: attorneyblye@lawyerofjustice.com
                LAW OFFICES OF T. WALLS BLYE, PLLC
                66 West Flagler Street, Ste. 900
                Miami, Florida 33130
                Office Phone: (786) 796-1814
                ***Counsels for Plaintiff***